UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REEM PROPERTIES, LLC,
MAR FILL UP, INC., WILLIAM
FULTON d/b/a STERLING AUTO CARE,
and GOLDEN STAR AUTO GLASS 1, INC.,

       Plaintiffs,

                                  Civil Action No. 15-11973

v.

                                  HONORABLE DENISE PAGE HOOD

CITY OF STERLING HEIGHTS,
MICHIGAN,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT
## (CONSIDERED AS A MOTION TO DISMISS)
## AND ORDER DISMISSING ACTION

## I.     BACKGROUND

On June 1, 2015, Plaintiffs Reem Properties, LLC, Mar Fill Up, Inc., William

Fulton d/b/a Sterling Auto Care, and Golden Star Auto Glass1, Inc. filed the instant

suit against Defendant City of Sterling Heights, Michigan alleging the following

claims: Due Process of Law under the Fourteenth Amendment and 42 U.S.C. 1983

(Count I); Equal Protection under the Fourteenth Amendment and 42 U.S.C. 1983

(Count II); Takings Clause under the Fifth Amendment (Count III); State Law Claims

(Count IV); Inverse Condemnation (Count V); Tortious Interference with Contract/Business Relationship (Count VI); Injunction (Count VII); and, Costs of Litigation (Count VIII).  (Doc. No. 1, Complaint)

Sterling Associates received a Special Approval Land Use ("SALU") from the City of Sterling Heights on March 29, 1989 for a commercial property located at 5673 Fifteen Mile Road to develop and operate businesses–self-service gasoline station and automobile service center. (Doc. No. 1, ¶¶ 14, 17) Reem purchased the property in 2005.  (Doc. No. 1, ¶ 18) Reem and its tenants (some of the co-defendants) assert they have become subject to harassment from the City for alleged code and zoning violations, but that the City has not issued any ticket or fine to Reem or its tenants. (Doc. No. 1, ¶ 19)

On December 11, 2014, the City filed a lawsuit in the Macomb County Circuit Court against Reem, some of its tenants and other entities related to the tenants, alleging that all the entities at the property should be permanently stripped of their permission to continue conducting their businesses.  (Doc. No. 1, ¶ 24)  On March 24, 2015, the City moved for summary disposition in the state court action seeking to revoke the SALU entirely from the property.  (Doc. No. 1, ¶ 25)  While the state court action was pending, Plaintiffs filed the instant suit in this Court as noted above.

At the hearing in this matter, the City indicated that the state court had granted

2

its Motion for Summary Disposition.  The state circuit court, however, did not revoke the SALU because the actual SALU was not provided to the circuit court.  The state circuit court ordered injunctive relief requiring abatement of the ongoing nuisance and prohibiting such conduct in the future.  A copy of the order was handed to this Court at the hearing, but a copy of the order was not filed on the Court's docket.

This matter is now before the Court on the City of Sterling Heights' Motion for Summary Judgment, although the Rule under which the City is moving is Rule 12(b)(6) of the Rules of Civil Procedure, which is a Motion to Dismiss rather than a Motion for Summary Judgment under Rule 56.  A response and reply have been filed.

## II.   ANALYSIS

### A.   Motion to Dismiss Standard

Rule 12(b)(6) of the Rules of Civil Procedure  provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under

Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). To survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the

4

allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

**B.     Claims under the United States Constitution: Procedural and Substantive Due Process (Count I); Equal Protection (Count II); and Takings Clause (Count III)**

**1.     Parties' Arguments**

The City of Sterling Heights moves to dismiss Plaintiffs' federal constitutional claims for failure to state a claim upon which relief may be granted.  As to the procedural due process claim the City argues that Plaintiffs are receiving appropriate due process before the state court, which is an impartial tribunal hearing the SALU issue.  Regarding the substantive due process claim, the City claims that Plaintiffs have not shown property rights or that the City's actions are not rationally related to a legitimate governmental purpose.  The City argues that Plaintiffs have not sufficiently alleged an equal protection claim because Plaintiffs have not set forth sufficient facts that the City revoked similar SALUs against any other business.  The City also argues that Plaintiffs' taking clause claim is not ripe since there has yet to be a governmental taking of any property rights and that Plaintiffs have not pursued any takings remedies through the state courts.

Plaintiffs argue that as to their procedural due process claim, there are at least

5

two tenants, one who declined to be party to this action, who were not given notice of the nature or existence of the state court proceedings prior to the summary disposition hearing. Plaintiffs assert that as to their substantive due process claim, they have a property interest in the SALU and their certificates of occupancy and use to conduct business at the property. Plaintiffs claim that the City's actions are arbitrary and capricious and judgment on the pleadings is not appropriate because there are questions of fact as to the City's actions. As to their equal protection claim, Plaintiffs assert they have yet to ascertain the specific businesses with approved variances which were similarly situated to Plaintiffs, but treated differently. Regarding the takings claim, Plaintiffs argue that there is no absolute requirement that they must first exhaust available state remedies before asserting this claim in federal court. They claim that once the SALU is revoked, the value of the property and the businesses on that property is "essentially nill."

### 2.   Takings Clause (Count III)

In light of the Supreme Court's ruling in *Williamson County v. Hamilton Bank,* 473 U.S. 172 (1985) and the Sixth Circuit's adherence to that ruling, the Court will first address the Takings Clause claim. *See, Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564 (6th Cir. 2008) and *Stanislaw v. Thetford Twp.,* 515 F. App'x 501 (6th Cir. Feb. 20, 2013)(affirming J. Hood's summary judgment ruling in E.D. Mich. Case No.

6

09-10256 on a similar SALU claim (not cited by either party)).

In *Williamson*, the Supreme Court held that the Takings Clause does not prohibit the government from taking private property, but only prohibits the government from taking private property "without just compensation." *Williamson,* 473 U.S. at 194. A takings claim is therefore not ripe for review unless a property owner is denied just compensation. *Id.* ("Because the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied."). If a state provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation. *Braun,* 519 F.3d at 569. In order for a plaintiff to bring a takings claim in federal court, the plaintiff must first pursue available remedies in state court. *Id.* A plaintiff must establish two prongs to establish whether the plaintiff has pursued available state remedies: first, whether the initial decision-maker has arrived at a "definitive position on the issue that inflicts an actual, concrete injury" (the finality requirement); and second, whether the state has denied just compensation based on that injury (the remedies requirement). *Id.*

In this case, the City has taken a definite position by filing the action in state court to revoke the SALU, meeting the first prong. However, Plaintiffs have not met

7

the second prong that the state has denied just compensation, or that Plaintiffs have pursued their remedies in state court. The parties have yet to inform this Court whether the state court has issued its decision on the SALU revocation, and, if it has, whether Plaintiffs appealed through the state courts such a ruling. It is clear from the Sixth Circuit's decision in *Braun* and *Stanislaw*, that it requires a plaintiff asserting a takings claim to first pursue any available state remedies. In *Braun*, the Sixth Circuit held that "[b]ecause the plaintiffs did not fulfill their obligation of seeking just compensation in state court, we do not have jurisdiction to reach the merits of their takings claim." *Braun*, 519 F.3d at 571. Because Plaintiffs failed to sufficiently allege that they have fulfilled their obligation to seek just compensation before the state courts, this Court does not have jurisdiction to review their takings claim in Count III.

The Supreme Court and the Sixth Circuit has held that any other constitutional claims ancillary to the takings claim must also be dismissed if based on the same facts as the taking claim which require exhaustion of state remedies. *Braun*, 519 F.3d at 571-75 (procedural and substantive due process claims and equal protection claims are ancillary to the takings claim requiring exhaustion of state remedies); *Stanislaw*, 515 F. App'x at 506-07 (procedural and substantive due process claims which are inextricably intertwined to the takings claim, are subject to the exhaustion

8

requirements of *Williamson*).  In addition to the failure to exhaust state remedies, each constitutional claim must be dismissed for the reasons set forth below.

### 3.      Procedural and Substantive Due Process Claims (Count I)

When an individual is deprived of a protected property or liberty interest, "procedural due process generally requires that the state provide a person with notice and an opportunity to be heard" before such a deprivation occurs.  *Braun*, 519 F.3d at 572.

In this case, Reem, the owner of the property and the SALU which runs with the property, and not to the tenants, had notice of the state court action by the City to revoke the SALU.  Plaintiffs argue that at least one of the tenants had no notice of the action before the state court *before* the summary disposition motion as to the revocation of the SALU.  However, it appears at this time that the tenant now has notice.  There is no allegation in the Complaint that as to the tenants, there have been any claims to revoke their licenses or certificates of occupancy and use.  The Complaint only alleges that the City is seeking to revoke the SALU.  It may be that at some point in time the City will then seek to revoke the tenants' various licenses and certificates of occupancy and use, however that issue is not before this Court, only the SALU revocation.  As alleged by Plaintiffs in their Complaint, there has been no issuance of citations and fines against the various tenants by the City.  (Doc. No. 1,

9

¶ 27) Reem has a property interest in the SALU as the property owner, but the tenants have not sufficiently alleged that they have a property interest in the SALU.

"To state a substantive due process claim in the context of zoning regulations, a plaintiff must establish that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." *Braun,* 519 F.3d at 573 (quotation omitted). Substantive due process concepts are not available to provide relief when another provision of the Constitution directly addresses the type of illegal government conduct alleged by the plaintiff, such as a takings claim. *Id.* at 574. A court should not interfere with local zoning decisions unless the locality's action has no foundation and is a mere arbitrary or irrational exercise of power having no substantial relation to the public health, the public morals, the public safety or the public welfare. *Id.* In this case, the issue of whether the SALU should be revoked is before the state court. This Court will not interfere with such until there is a ruling from the state court to determine whether the City's actions have no substantial relation to the public good.

### 4.    Equal Protection Claim (Count II)

To state an equal protection claim, a party must claim that the government treated similarly situated persons differently. *Braun,* 519 F.3d at 574. The failure to make any concrete allegations with respect to similarly situated persons mandates

10

2:15-cv-11973-DPH-EAS   Doc # 15   Filed 02/29/16   Pg 11 of 13   Pg ID 381

dismissal of an equal protection claim. *Id.* at 575. As admitted by Plaintiffs in their response, they have not identified the individual businesses similarly situated to them that were treated differently. Plaintiffs' equal protection claim fails to allege sufficient facts to state a plausible claim and such must be dismissed.

### C.    State Law Claims

#### 1.    Inverse Condemnation (Count V)

As to Plaintiffs' state law inverse condemnation claim in Count V, Michigan has long recognized the doctrine of inverse condemnation and the Sixth Circuit has held that Michigan provides an adequate "just compensation" for inverse condemnation claims. *Braun*, 519 F.3d at 570. Plaintiffs have not availed themselves of Michigan's judicial procedures for seeking compensation on their inverse condemnation claim, therefore, Plaintiff has failed to state a claim on their inverse condemnation claim. *See, G.M. Engineers and Associates, Inc. v. West Bloomfield Twp.,* 922 F.2d 328, 331 (6th Cir. 1990).

#### 2.    Tortious Interference (Count VI)

Regarding Plaintiffs' state law claim for tortious interference in Count VI, the City argues it is entitled to governmental immunity under M.C.L. § 691.1407 because it is exercising its governmental function. Plaintiffs respond it takes no position on the governmental immunity argument.

11

M.C.L. § 691.1407 provides that "a government agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a government function." Plaintiffs have failed to rebut the City's argument. The Court finds that the City is entitled to governmental immunity since its action before the state court to revoke the SALU is a governmental function.

Plaintiffs numbered counts in Count IV, Injunction (Count VII) and Costs of Litigation in Count VIII) do not state causes of action or claims, only statements or remedies.

## III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Summary Judgment, considered as a Motion to Dismiss under Rule 12(b)(6) **(Doc. No. 9)** is GRANTED.

IT IS FURTHER ORDERED that this action is **DISMISSED** for the reasons set forth above. This action is designated as **CLOSED** on the Court's docket.

Dated:  February 29, 2016

                    s/Denise Page Hood
                    Denise Page Hood
                    United States District Judge

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager